# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

January 18, 2024

**VIA ECF**
Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

　　　Re:　**Plaintiffs' Motion for An Order Approving Settlement Agreement**
　　　　　　_Perez Ramirez, et al v. Hermes B Yn, LLC, et al_
　　　　　　1:23-cv-01580-AS

Dear Judge Subramanian:

　　　This office represents the Plaintiffs in the above referenced matter. Plaintiffs respectfully submit this letter motion setting forth our views on why the Court should approve the agreed-upon settlement pursuant to _Cheeks v. Freeport Pancake House, Inc_., 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated a Settlement and Release ("the Agreement") after extensive settlement discussions. A fully-executed copy of the Agreement is attached hereto as **Exhibit A**. Plaintiffs respectfully request that the Court approve the Agreement and the settlement of this lawsuit (including Plaintiffs' claims asserted herein) as final, fair, reasonable, adequate, and binding on Plaintiffs, and dismiss this lawsuit in its entirety with prejudice and without attorneys' fees or costs to any party except as provided in the Agreement. Plaintiffs expressly waive any right to appeal any order(s) by this Court granting approval of the Agreement and/or dismissing with prejudice all claims that were or could have been asserted in this lawsuit and dismissing this lawsuit in its entirety with prejudice. Defendants do not oppose this letter motion.

　　　Plaintiffs allege that they were employed by Defendants. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiffs allege that Defendants engaged in numerous violations of the FLSA and NYLL, including the failure to pay appropriate minimum and overtime wages, failure to pay appropriate spread of hours wages, failure to provide reimbursement the tools of the trade required to perform their jobs, unlawful deductions from tips, and failure to provide timely payment on a weekly basis. Defendants have denied and continue to deny these allegations.

　　　**I.**　　**The Proposed Settlement is Fair and Reasonable**

　　　Under the Agreement, Defendants will pay Twenty Thousand Dollars and Zero Cents ($20,000.00) to settle all claims. The Defendants will pay the settlement amount within forty-five (45) days of the Court's approval of the Agreement. The payment shall consist of Seven (7) checks. Six checks will be made payable to Plaintiffs in the following amounts:

Honorable Arun Subramanian
January 18, 2024
Page 2

  (Alejandro Perez Ramirez - $1,944.09)
  (Jilmar Ramirez - $4,064.90)
  (Jose Estuardo Perez Ramirez - $3,534.70)
  (Marcos Israel Perez Ramirez - $2,474.29)
  (Omar Everado Clemente Ramirez - $2,827.76)
  (Yesier Lopez - $2,827.76).

 One check will be made payable to CSM Legal, P.C. in the amount of $2,326.50. The checks will be sent to CSM Legal, P.C., and will then be distributed to the Plaintiffs.

 The parties (through their respective and experienced attorneys) participated in multiple settlement discussions and were successfully able to come to an agreement. The Plaintiffs agreed to the current settlement amount because they wished to be compensated in part for what they believe they are owed and they do not wish to drag out the litigation process any further, benefitting all parties. In fact, Plaintiffs understand that there are significant burdens, expenses, and risks with litigation (including the possibility that this lawsuit, if not settled now, might not result in any recovery or might result in a recovery less favorable and that any recovery may not occur for several years), and Plaintiffs wish to avoid the burden, expense and uncertainty of continuing this lawsuit.

 Plaintiffs allege that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay appropriate spread of hours wages, as well as notice and recordkeeping violations. In determining Plaintiffs' damages, Plaintiffs conveyed what they believed their hours and wages were when they were employed by Defendants to the best of their recollection, but this information was more of a generalization. Plaintiffs' counsel then created the damages chart to reflect the information conveyed by Plaintiffs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, this calculation of damages was heavily disputed by Defendants and was determined to be flawed following discussions with the Defendants and Plaintiffs and a review of Defendants' records. For example, Defendants, among other defenses, contested Plaintiffs' allegations regarding their duties, the number of hours worked, wages paid, and that they did not employ one of the Plaintiffs. Defendants also furnished documents regarding alleged hours and pay for the Plaintiffs, which Defendants claim contradict and substantially reduce the number of hours purportedly worked by Plaintiffs. After further discussions with the Plaintiffs, they came to understand that they were likely paid the correct amount in wages. However, Plaintiffs were still concerned about the money they alleged were owed to them for purchasing and maintaining equipment and tools of the trade required to perform their jobs. As such, the total amount alleged to be owed to Plaintiffs for "tools of the trade" was estimated to be about Twenty Thousand Six Hundred Eighty Dollars and Zero Cents ($20,680.00).

 The total Unpaid Wages & Overtime, Liquidated Damages on Wages & Overtime, Unpaid Spread of Hours, Liquidated Damages on Unpaid Spread of Hours, Prejudgment Interest on Unpaid Wages & Overtime, Prejudgment Interest on Spread of Hours, and Tips Withheld were not taken into account in settlement discussions because Plaintiffs agreed that they were likely paid the correct amount in wages and overtime for the hours they worked. Indeed, Defendants vehemently deny any wrongdoing and assert that they complied with applicable laws. However, when determining the amount that each Plaintiff would receive from the settlement amount, the

Plaintiffs decided to use the alleged amounts owed to them in Unpaid Wages & Overtime to split up the settlement amount.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also, *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiffs believe the settlement is reasonable, both due to the challenges of prevailing on the merits, and because they wish to be compensated in part for what they believed they are owed. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp .2d 362, 364 (SDNY 2013). Considering the risks in this case outlined above, the parties believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the Agreement, Plaintiffs' counsel will receive Two Thousand Three Hundred Twenty-Six Dollars and Fifty Cents ($2,326.50) from the settlement monies as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, service of process performed on the Defendants, and the work performed by attorneys and paralegals in this litigation, including settlement negotiations and preparation and review of settlement documents. This amount reflects the lodestar amount, as reflected on the invoice attached hereto as **Exhibit C**.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Plaintiffs' signed retainer agreement is attached hereto as **Exhibit D**.

Below is a brief biography of individuals who performed billed work on behalf of Plaintiffs in this matter.

Honorable Arun Subramanian
January 18, 2024
Page 4

      i.      I, Jarret Bodo ("JB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350.00 per hour.

      ii.      Bryan Robinson ("BR"), was an attorney at CSM Legal, P.C., but left the firm last year. His work was billed at a rate of $300.00 per hour.

      iii.      Paralegals are represented as ("EM"). Their work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Jarret T. Bodo
      Jarret T. Bodo, Esq
      CSM Legal, P.C.
      *Attorneys for the Plaintiffs*